UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE GARZA,<br><br>        Plaintiff,<br><br>    v.<br><br>K. TOOR, et al.,<br><br>        Defendant. | 1:13-cv-01992-AWI-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 10) |

On September 5, 2014, Plaintiff filed a motion seeking the appointment of counsel in a federal habeas corpus case. (ECF No. 10.) The instant matter is a civil rights action pursuant to 42 U.S.C. § 1983, not a federal habeas corpus case. Notwithstanding, the Court considers Plaintiff's request as one for the appointment of counsel in this civil rights action.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether

1

1  "exceptional circumstances exist, the district court must evaluate both the likelihood of success on
2  the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
3  complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).
4     In the present case, the court does not find the required exceptional circumstances.  Even
5  if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations
6  which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with
7  similar cases almost daily.  Further, at this early stage in the proceedings, the court cannot make a
8  determination that Plaintiff is likely to succeed on the merits, and based on a review of the record
9  in this case, the court does not find that Plaintiff cannot adequately articulate his claims.  Id.
10    For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY
11 DENIED without prejudice.

IT IS SO ORDERED.

   Dated:   **October 6, 2014**              /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE

2