UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE GARZA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>K. TOOR, et al.,<br><br>　　　　　Defendants. | Case No.: 1:13-cv-01992-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR STAY OF TRANSFER DUE TO PENDING CASE (ECF No. 9)<br><br>THIRTY-DAY DEADLINE |

　　　　Plaintiff Enrique Garza ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on November 22, 2013. The matter was transferred to this Court on December 5, 2013. On July 14, 2014, Plaintiff filed the instant motion requesting an order staying any transfer of Plaintiff out of Valley State Prison pending resolution of this action. (ECF No. 9.) The Court construes the motion as one for preliminary injunctive relief.

　　　　"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted).

An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. <u>Id.</u> at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 101-102, 103 S.Ct. 1660, 1665 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. <u>Id.</u>

In a separate order issued on October 7, 2014, the Court dismissed Plaintiff's complaint with leave to amend. Until Plaintiff files an amended complaint and the Court is able to determine which claims are cognizable and appropriately raised in this action, the Court lacks jurisdiction to issue any preliminary injunctions. 18 U.S.C. § 3626(a)(1)(A); <u>Lyons</u>, 461 U.S. at 101-02; <u>Valley Forge Christian Coll.</u>, 454 U.S. at 471. Further, Plaintiff's request for stay of any transfer cannot be issued even assuming Plaintiff is able to amend to state a cognizable claim. Prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility (or to be transferred from one facility to another). <u>Meachum v. Fano</u>, 427 U.S. 215, 224-25, 96 S.Ct. 2532 (1976); <u>see</u> <u>also</u> <u>Olim v. Wakinekona</u>, 461 U.S. 238, 244-45, 103 S.Ct. 1741 (1983).

Based on the above, IT IS HEREBY RECOMMENDED that Plaintiff's motion for a stay of his transfer from Valley State Prison pending resolution of this action be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **October 7, 2014**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE