UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE GARZA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>K. TOOR, et al.,<br><br>　　　　　　Defendants. | Case No.: 1:13-cv-01992-AWI-BAM (PC)<br><br>SECOND SCREENING ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND<br>(ECF No. 14)<br><br>THIRTY-DAY DEADLINE |

**I.　　Screening Requirement and Standard**

Plaintiff Enrique Garza ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 7, 2014, the Court dismissed Plaintiff's complaint with leave to amend within thirty days. (ECF No. 12.) Plaintiff's amended complaint, filed on October 30, 2014, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at Valley State Prison in Chowchilla, California, where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants: (1) Dr. K. Toor; (2) Chief Physician & Surgeon Dr. N. Malakkla; (3) Chief Support Executive C. Pierini; (4) Chief Executive Officer T. Neal; and (5) Warden Ron Davis.

Plaintiff alleges as follows:

K. Toor M.D. took it up on his self to refuse proper pain medication [illegible] (Medical 602 to Chief Medical Officer) Doctor Malakkla failed to make [sure] my pain medication was renewed. Doctor C. Pierini also fail to make [sure] my medication was deliver for [supervisor] Doctor Malakkla Chief Physician & Surgeon. The lack of [supervision] also fail by Doctor P. Virk CME. Last but not lest Ron Davis Warden of the prison whom hier and allow medical staff with training to the do the best medical that is paid [illegible] for by [illegible] for nothing. To this day I have not received [adequate] medical care, (Pain medication MRI or all I was Garanteed) in closed is a nother copie of [original complaint.] All of the defendants in this case past the buck to lower level medical care staff do to lazyness or rely on others to do their job or the right job them self's for that

2

reason the health care in this prison as well as others still fail to treat inmate's properly. All medication 602 been Log #:VSP-HC-13001112 on 8-28-2013

(ECF No. 14, pp. 3-4) (as stated in original unless noted).

### III. Discussion

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Plaintiff's amended complaint is short, but does not contain a plain statement of his claims. It is disjointed and partially illegible. Plaintiff's complaint also contains only conclusory sentences and phrases without supporting factual information. Plaintiff will be given a final opportunity to amend his complaint. If Plaintiff elects to amend, he must set forth a short and plain statement of the factual allegations against each defendant.

#### B. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an

3

affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff fails to link defendants to any alleged constitutional violation. Plaintiff's allegations are merely conclusory assertions and do not provide sufficient factual detail to allow the Court to determine if Plaintiff has stated a claim that his constitutional rights were violated by the individual defendants. Plaintiff will be given a final opportunity to cure this deficiency. If Plaintiff elects to amend his complaint, he must set forth the facts of what each defendant did or failed to do that resulted in a violation of Plaintiff's rights.

To the extent Plaintiff's claims against Defendants Malakkla, Pierini, Neal and Davis are based on their roles as supervisors, he may not pursue such claims in this action. Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074–75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow v. McDaniel, 681 F.3d 978, 989 (9th Cir. 2013) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074–75; Lacey, 693 F.3d at 915–16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff has not sufficiently alleged that Defendants Malakkla, Pierini, Neal and Davis were personally involved the constitutional deprivation or that they instituted deficient policies. Plaintiff will be given a final opportunity to cure this deficiency to the extent that he is able to do so.

///

///

4

### C. Grievance Procedure

Although unclear, Plaintiff appears to assert liability based on the review of his grievance. However, the prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

### D. Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

Here, Plaintiff's allegations are insufficient to state a cognizable claim for deliberate indifference to his serious medical needs against any of the defendants. Plaintiff has not included sufficient factual to demonstrate deliberate indifference to a serious medical need. Plaintiff's generalized allegations are not sufficient. Plaintiff will be given a final opportunity to cure this deficiency to extent he is able to do so.

///

///

///

**IV.     Conclusion and Order**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief. However, the Court will grant Plaintiff a final opportunity to cure the identified deficiencies that Plaintiff believes, in good faith, are curable. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey, 693 F.3d at 927. Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a complaint form;

2.     Plaintiff's complaint is dismissed with leave to amend;

3.     Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint; and

4.     <u>If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed for failure to state a claim</u>.

IT IS SO ORDERED.

Dated:   **November 24, 2014**          /s/ Barbara A. McAuliffe
                                     UNITED STATES MAGISTRATE JUDGE