UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE GARZA,<br><br>         Plaintiff,<br><br>    v.<br><br>K. TOOR, et al.,<br><br>         Defendants. | Case No.: 1:13-cv-01992-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>FOURTEEN-DAY DEADLINE |

**Findings and Recommendations**

**I.     Screening Requirement and Standard**

Plaintiff Enrique Garza ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 7, 2014, the Court dismissed Plaintiff's complaint with leave to amend within thirty days. (ECF No. 12.) Plaintiff filed a first amended complaint on October 30, 2014. (ECF No. 14.) On November 24, 2014, the Court dismissed the first amended complaint with leave to amend within thirty days. (ECF No. 16.) Plaintiff's second amended complaint, filed on December 29, 2014, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at Valley State Prison in Chowchilla, California, where the events in the complaint are alleged to have occurred.  Plaintiff names the following defendants:  (1) Dr. K. Toor; (2) Chief Physician & Surgeon Dr. N. Malakkla; (3) Chief Support Executive C. Pierini; (4) Chief Executive Officer T. Neal; and (5) Warden Ron Davis.

Plaintiff alleges as follows:

I've been in pain that is why I filed a Medical 602 Health Care form 1824 and was Granted on 9-11-2013 (See Copy of Health Care 602).

The above Defendant are responsible for the Health Care of Inmate.  My right for proper Medical Care (Pain Medication) was violated by Defendant's when I did not [receive] the following (Medication Migraine headaches:  Baclofen 10mg for pain spasm gabapentin 600 mg . . . tablets three times a day as need for Pain, as well as Verapamil Migraine).  None of them have been give to me.  I am still in pain to this day.  All Defendants are

[responsible] to make sure granted Medication are Delivered and Pass Out [appropriately] to said Inmates who are Granted and approved & Renewed or ordered

(ECF No. 17, pp. 3-4) (as stated in original unless noted).

### III. Discussion

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Plaintiff's amended complaint is short, but does not contain a plain statement of his claims. It is disjointed and partially illegible. Plaintiff's complaint also contains conclusory sentences without supporting factual information.

#### B. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally

1 required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d
2 740, 743 (9th Cir. 1978).

3 Here, Plaintiff fails to link defendants to any alleged constitutional violation. Plaintiff's
4 allegations are merely conclusory assertions and do not provide sufficient factual detail to allow the
5 Court to determine if Plaintiff has stated a claim that his constitutional rights were violated by the
6 individual defendants. Plaintiff merely lumps all defendants together.

7 To the extent Plaintiff's claims against Defendants Malakkla, Pierini, Neal and Davis are based
8 on their roles as supervisors, he may not pursue such claims in this action. Supervisory personnel may
9 not be held liable under section 1983 for the actions of subordinate employees based on respondeat
10 superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire
11 v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074–75 (9th Cir. 2013); Lacey v. Maricopa
12 County, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or
13 she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal
14 connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734
15 F.3d at 977 (citing Snow v. McDaniel, 681 F.3d 978, 989 (9th Cir. 2013) (internal quotation marks
16 omitted); accord Lemire, 726 F.3d at 1074–75; Lacey, 693 F.3d at 915–16. "Under the latter theory,
17 supervisory liability exists even without overt personal participation in the offensive act if supervisory
18 officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights
19 and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v.
20 Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

21 Plaintiff has not sufficiently alleged that Defendants Malakkla, Pierini, Neal and Davis were
22 personally involved the constitutional deprivation or that they instituted deficient policies.

23 **C. Grievance Procedure**

24 Although unclear, Plaintiff appears to assert liability based on the review of his grievance by
25 Defendants Toor and Malakkla. However, the prison grievance procedure does not confer any
26 substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability
27 under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).
28 ///

### D. Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

Here, Plaintiff's allegations are insufficient to state a cognizable claim for deliberate indifference to his serious medical needs against any of the defendants. Plaintiff has not included sufficient factual allegations to demonstrate deliberate indifference to a serious medical need by any individual defendant. Plaintiff's generalized allegations are not sufficient.

### IV. Conclusion and Recommendation

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief. Despite being provided with the relevant legal and pleading standards and being provided multiple opportunities to amend, Plaintiff has been unable to cure the deficiencies identified by the Court. Therefore, further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

For the reasons stated above, it is HEREBY RECOMMENDED that this action be DISMISSED for failure to state a claim upon which relief can be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 5, 2015**            /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE